LAW OFFICES OF
# LAWRENCE KATZ
445 CENTRAL AVENUE
SUITE 201
CEDARHURST, NEW YORK 11516

lkatz@lawkatz.com

TELEPHONE
(516) 374-2118

FAX
(516) 706-2404

May 15, 2011

Honorable Leonard D. Wexler
United States District Court Judge
944 Federal Plaza
Central Islip, New York 11722

  Re: Tursi v. Sharinn & Llipshe,
    **CV 10-2809 (LDW) (AKT)**

Dear Judge Wexler:

Plaintiff is writing this pre-motion letter in accordance with your Honor's rules. Plaintiff is seeking to move for judgment on the pleadings. The Plaintiff is seeking to represent a class of individuals who received the letter attached to the complaint in violation of the Fair Debt Collection Practices Act. A copy of the letter is enclosed.

Judgment on the pleadings is appropriate in this matter as there are no genuine issues of fact. In truth, because the complaint alleges a textual violation of the statute contained within the initial contact letter the entire body of evidence in this case consists of the letter attached to the complaint. There is no question that this letter was sent by the defendant and received by the plaintiff. The letter was clearly sent by a debt collector attempting to collect a consumer debt. The question is a purely legal one, i.e. does the letter violate the FDCPA. Plaintiff would argue that the letter is in violation based upon its failure to recite the statutory language required pursuant to the FDCPA. The letter failed to inform the consumer of her right to dispute the debt in writing and the right to request the name and address of the creditor. 15 USC section 1692g(a)(4) and (5). Instead the letter contained the following notice:

**If you notify us in writing within 30 days after receipt of this notice that this debt, or any portion of this debt, is disputed, or that you request verification of this debt, including the name and address of the original creditor, we will obtain verification of the debt, or a copy of any judgment that has been entered against you, along with the name and address of the original creditor and mail the verification to you.**

Hon. Leonard D. Wexler
May 15, 2011
Page 2

The statute reads as follows:

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

The defendant's idiosyncratic notice fails to make clear that the consumer has two independent rights that she can exercise and fails to make clear the distinct benefits of exercising each right. It is completely unclear that the consumer must dispute the debt in writing in order to obtain verification. It is unclear that if there was a judgment, the consumer would receive a copy or for that matter that the consumer will ever receive the name and address of the original creditor.

Sincerely,

*s/Lawrence Katz*
Lawrence Katz,
Enclosures as stated